UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In Re GRAND JURY SUBPOENA DUCES TECUM           Misc. Case No. 18-130 (KMW)
DATED MARCH 26, 2018 RETURNABLE APRIL
10, 2018.                                                                    **Declaration**

------------------------------------------------------------------X

MICHAEL S. POLLOK declares pursuant to 28 U.S.C. § 1746 that:

1. I am of counsel to the law firm of Kantor, Davidoff, Mandelker, Twomey, Gallanty & Kokhba, P.C. and attorney for movant Kymara Lonergan and I am familiar with the facts and circumstances related to the service of the subject Grand Jury subpoena based upon conversations with my client and a relevant witness.

2. This declaration is made upon information and belief in support of Lonergan's motion to (i) quash the above-captioned Grand Jury subpoena pursuant to Fed.R.Crim.P 17; or (ii) quash the above-captioned Grand Jury subpoena pursuant to Fifth Amendment to the United States Constitution; or (iii) grant immunity to Kymara Lonergan pursuant to 18 U.S.C. §§ 6002, 6003 related to the service of subpoena and act of producing evidence in response thereto; and (iv) granting a 30-day extension of time to respond to the Grand Jury subpoena if this motion to quash is denied; and (v) grant such other and further relief that is just and appropriate.

3. **Facts and Circumstances Related to Service of the Grand Jury Subpoena**. On or about April 27, 2018, Special Agent Christopher McKeogh employed by the Federal Bureau of Investigation served a Grand Jury subpoena dated March 26, 2018 upon movant Kymara Lonergan at her home in Ulster Park, New York. *See* Grand Jury subpoena dated March 26, 2018 annexed hereto as Exhibit "A". The subpoena directs the movant to appear to testify and give

evidence before a federal Grand Jury on April 10, 2018 at 10:00 a.m. at the United States Courthouse in Manhattan, located at 40 Foley Square, Room 220.

4. The subpoena indicates that the movant's personal appearance is not required on April 10, 2018 if certain evidence described in an accompanying rider, annexed hereto as Exhibit "B", are produced by the movant on or before April 10, 2018 to Special Agent McKeogh at 80-02 Kew Gardens Road in Kew Gardens, New York 11415.

5. The rider directs the production of "a. Any and all items removed from the home of William Linich aka Billy Name;". The movant is a former gallery owner and artistic agent for multiple artists including William Linich. The rider does not indicate the nature of the items sought, the circumstances of how the property was removed, by whom it was removed including William Linich himself, the address of the home or homes where the items may have been removed nor does the subpoena specify a time frame when such items may have been removed. According to his obituary published in the Poughkeepsie Journal online, William Linich died on or about July 18, 2016 and upon information and believe, William Linich had several addresses in and outside the State of New York over the course of his lifetime. My client reports that she was never contacted by anyone identifying themselves as the duly authorized executor of William Linich's estate nor was she ever presented with letters testamentary authorizing the marshalling and transfer of the assets of the William Linich estate.

6. The rider further requests "b. Any and all documentation, to include but not limited to emails, images, bills of sale, receipts, bank documents, for any items removed from the home of William Linich aka Billy Name." There is no time frame or description of the "any and all" items sought even though William Linich was reportedly born in 1940. Thus, this subpoena seeks "any and all items" that my client believes to have been removed from one or more of the

addresses where she believes William Linich may have resided at over the course of his lifetime that spanned seven decades. This is completely unreasonable since the Grand Jury is purportedly investigating a potential charge of 18 U.S.C. § 1343, which has a five-year statute of limitation unless the offense affects a financial institution then a ten-year statute of limitations applies. *See* 18 U.S.C §§ 3282(a), 3293(2); *United States v Bouyea*, 152 F.3d 192, 195 (2d Cir. 1998). At a minimum, the subpoena must be limited to a five-year time frame and specify which address or addresses from which the items were purportedly removed and what category of items are specifically being sought.

7. Finally, the subpoena's rider seeks, "c. Any and all available information on the sale, transfer, loan, to include all information on current whereabouts, for all items removed from the home of William Linich, aka Billy Name."

8. It is respectfully submitted that this subpoena, on its face, is unreasonably overbroad and oppressive under Fed.R.Crim.P.17 because it does not describe the "any and all" items sought with any particularity, does not specify a specific address or addresses from where the items were purportedly removed and does not contain a time frame limitation for items that were possessed by a person who lived in various places for almost 80 years. *See In re Rabbinical Seminary Netzach Israel Ramailis*, 450 F. Supp. 1078, 1084 (EDNY 1978) (for a Grand Jury subpoena to be reasonable. "1) The documents requested must be shown to have some general relevance to the subject matter of a legitimate Grand Jury investigation. 2) The subpoena must describe the materials to be produced with reasonable particularity. 3) The documents may not cover more than a reasonable period of time.").

9. In addition to the subpoena and rider, Special Agent McKeogh also served the movant with a letter dated March 26, 2018 signed by Assistant United States Attorney Alexander

J. Wilson. The letter, annexed hereto as Exhibit "C", states that the Grand Jury subpoena was issued pursuant to an official criminal investigation of a suspected felony and requests that the movant "not make any disclosure in order to preserve the confidentiality of the investigation and because disclosure of the existence of this investigation might interfere with and impede the investigation. Moreover, if you intend to disclose the existence of this subpoena to a third party, please let me know before making any such disclosure."

10. Special Agent McKeogh, also served the movant with a document entitled "Declaration of Custodian of Records" which is annexed hereto as Exhibit "D".

11. Upon information and belief, Special Agent McKeogh, before serving the Grand Jury subpoena, questioned the movant at length without apprising her of her *Miranda* rights.

12. Following her encounter with the Special Agent, the movant contacted your declarant on the evening of April 27, 2018, briefly described what had occurred and scheduled to meet with me in my office the next day.

13. On April 28, 2018, your declarant met with the movant and as a result of that meeting and further investigation, I telephoned AUSA Wilson and left a voicemail message requesting he contact me as soon as possible to discuss the movant's compliance with the subpoena.

14. On April 2, 2018, I emailed a letter, annexed hereto as Exhibit "E" to AUSA Wilson with a copy to Special Agent McKeogh requesting that the time in which to respond to the subpoena be extended noting that the subpoena lacked specificity, a limited time frame and was overbroad and unduly burdensome to comply with by April 10, 2018. Having received no response to my phone call or letter from either the AUSA or Special Agent, this motion for the relief sought ensued.

15. Upon information and belief, the movant is unable to comply with the subpoena because she is currently hospitalized and is not expected to be released for at least another ten days.

16. **Relief Sought**. Based upon the legal arguments made in the accompanying Memorandum of Law, the instant Grand Jury subpoena should be quashed as overbroad, unreasonable, unduly burdensome and oppressive pursuant to Fed.R.Crim.P. 17. Alternatively, the movant, has authorized me as her counsel, to invoke her Fifth Amendment privilege against self-incrimination and decline compliance with the subpoena unless and until she is granted immunity pursuant to 18 U.S.C. §§ 6002, 6003 for the act of producing evidence in response to the Grand Jury subpoena and any statements made related thereto, including but not limited to immunity for any potential charge of 18 U.S.C. § 1001 based upon her uncounseled conversations with the Special Agent who, upon information and belief, did not provide her with *Miranda* warnings prior to questioning her and serving the subpoena.

17. WHEREFORE, the Grand Jury subpoena should be quashed or immunity conferred for any potential offense related to the service and compliance with the subpoena and, regardless of whether immunity is conferred, an extension of time to respond to the subpoena should be granted.

Dated: New York, New York
April 5, 2018

*Michael S. Pollok*
Michael S. Pollok, Of Counsel
Kantor, Davidoff, Mandelker, Twomey, Gallanty & Kokhba, P.C.
*Attorney for Kymara Lonergan*
415 Madison Avenue-16th Floor
New York, New York 10017
(212) 634-9121 (direct)
pollok@kantordavidoff.com

# Exhibit "A"

Grand Jury Subpoena

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO: Kymara Lonergan

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 40 Foley Square, Room 220, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 10, 2018      Appearance Time: 10:00 a.m.

to testify and give evidence in regard to an alleged violation of :
   Title 18, United States Code, Section 1343

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

Please see attached rider. Personal appearance is not required if the requested records are (1) produced on or before the above date to FBI, Attn: SA Christopher McKeogh, 80-02 Kew Gardens Road, Kew Gardens, NY 11415, 718-286-7818, Christopher.McKeogh@ic.fbi.gov; and (2) accompanied by an executed copy of the attached Declaration of Custodian of Records. Please provide the information in Microsoft Excel format, or other electronic format, if available.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: New York, New York
       March 26, 2018

GEOFFREY S. BERMAN
*United States Attorney for the Southern District of New York*

Alexander J. Wilson
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone:   212-637-2453



rev. 02.01.12

# Exhibit "B"

RIDER
(Grand Jury Subpoena to Kymara Lonergan, dated March 26, 2018)

Please provide the following:

a. Any and all items removed from the home of William Linich, aka Billy Name;

b. Any and all documentation, to include but not limited to emails, images, bills of sale, receipts, bank documents, for any items removed from the home of William Linich, aka Billy Name;

c. Any and all available information on the sale, transfer, loan, to include all information on current whereabouts, for all items removed from the home of William Linich, aka Billy Name

N.B.: Personal appearance is not required if the requested records are (1) produced on or before the above date to FBI, Attn: SA Christopher McKeogh, 80-02 Kew Gardens Road, Kew Gardens, NY 11415, 718-286-7818, Christopher.McKeogh@ic.fbi.gov; and (2) accompanied by an executed copy of the attached Declaration of Custodian of Records. PLEASE PRODUCE THE RECORDS IN ELECTRONIC FORMAT, IF POSSIBLE.

IMPORTANT: REQUEST FOR NON-DISCLOSURE

Due to the on-going nature of the investigation, it is requested that you do not disclose any information relating to this grand jury subpoena request to any third party.

# Exhibit "C"



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 26, 2018

Kymara Lonergan

Re: Grand Jury Subpoena

Please be advised that the accompanying grand jury subpoena has been issued in connection with an official criminal investigation of a suspected felony being conducted by a federal grand jury. The Government hereby requests that you voluntarily refrain from disclosing the existence of the subpoena to any third party. While you are under no obligation to comply with our request, we are requesting you not to make any disclosure in order to preserve the confidentiality of the investigation and because disclosure of the existence of this investigation might interfere with and impede the investigation.

Moreover, if you intend to disclose the existence of this subpoena to a third party, please let me know before making any such disclosure.

Thank you for your cooperation in this matter.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Alexander J. Wilson
Assistant United States Attorney
(212) 637-2453

# Exhibit "D"

## Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.
                    (name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a Grand Jury Subpoena, dated March 26, 2018, and signed by Assistant United States Attorney Alexander J. Wilson, requesting specified records of the individual named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
               (date)

_____
(signature of declarant)

_____
(name and title of declarant)

_____
(name of business)

_____
(business address)

_____

_____

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

# Exhibit "E"

# KANTOR DAVIDOFF

**Kantor, Davidoff, Mandelker, Twomey, Gallanty & Kokhba, P.C.**
415 Madison Avenue-16th Floor
New York, New York 10017
Tel: (212) 634-9121
Fax: (917) 210-3302
www.kantordavidoff.com

Hudson Valley Office
7472 S. Broadway-Suite 3
Red Hook, New York 12571
Tel: (845) 853-2292
Fax: (845) 853-1628

Michael S. Pollok, *Of Counsel*
Writer's e-mail: pollok@kantordavidoff.com

April 2, 2018

*Via Facsimile E-Mail to Alexander.Wilson@usdoj.gov*

AUSA Alexander J. Wilson
United States Attorney's Office
Southern District of New York
One Saint Andrews Plaza
New York, New York 10007

Re: *Grand Jury Subpoena Served on Kymara Lonergan*

Dear AUSA Wilson:

I am the attorney for Kymara Loneragan who was served with the enclosed Grand Jury Subpoena and Rider returnable on April 10, 2018. I respectfully request that the time in which to respond to this subpoena please be extended to at least May 10, 2018.

The rider to the subpoena is extremely broad, does not indicate a time frame and requests "any and all documents" and "any items removed from the home of William Linich aka Billy Name." Assuming this subpoena is not overly broad and unduly burdensome, a determination I have not had sufficient time to make, if my client is in possession of the property sought, the items will have to be photographed and catalogued before being surrendered to the Government.

Therefore, on behalf of my client, so I may carefully complete my due diligence with respect to a Grand Jury subpoena, I request until May 10, 2018 to respond to this subpoena.

Very truly yours,

Michael S. Pollok

Enc.
cc: Christopher.McKeogh@ic.fbi.gov